# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| FAMBROUGH, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) Case No. 4:19-cv-00218-SRB |
| MISSOURI FAMILY SUPPORT DIVISION, | ) |
| Defendant. | ) |

## DEFENDANT MISSOURI FAMILY SUPPORT DIVISION'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendant Missouri Family Support Division ("FSD"), by and through undersigned counsel, states as follows for its Suggestions in Support of its Motion to Dismiss or, in the alternative, Motion for More Definite Statement:

## BACKGROUND

Plaintiffs Heather and William Fambrough ("Plaintiffs") are pro se litigants[1] purporting to bring claims for violations of their constitutional right

---

[1] Plaintiffs have both signed their Complaint as pro se litigants. William Fambrough, however, has also signed the Complaint as an attorney "pro se." *See* Doc. 8, § VI. Mr. Fambrough is not an attorney and, as such, he may not represent someone else in federal court. 28 U.S.C. § 1654. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (emphasis in original). Mr. Fambrough, therefore, cannot assert that he is representing

1

to due process after FSD denied some unspecified healthcare benefits. *See* Doc. 8, § II.D.[2]  Plaintiff's Complaint for Violation of Civil Rights ("Complaint") alleges that after FSD denied these benefits, "Appellant" suffered detrimental effects on his or her heath care and mental well-being. Doc. 8, § II.D and III.C. Plaintiffs also claim that "[t]he damages suffered are the unrealized past benefits not paid which are substantial, including the decrease in credit rating due to the unpaid medical bill(s) and obligations. Medical injury occurred when prescriptions were unable to be filled due [sic] the increase in cost of a non-insured patient." Doc. 8, § III.C.

To the extent that "Appellant" refers to Heather Fambrough, the Complaint alleges no damages to William Fambrough.

## **STANDARD**

In ruling on a motion to dismiss, the Court is obliged to take the statements of fact in the Complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A pro se complaint will be construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam). However, the pleadings

---

Mrs. Fambrough in this matter.
[2] Plaintiffs refer to "Appellant's benefits" but do not identify who they mean by "Appellant." Based on later reference to "Heather Fambrough's Medicare coverage," FSD surmises that "Appellant" is intended to refer to Heather Fambrough.

2

"must not be conclusory and must set forth facts which state a claim as a matter of law." *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). Further, a court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Alternatively, Federal Rule of Civil Procedure 12(e) allows the filing of a motion for more definite statement when "a pleading to which a responsive pleading is allowed… is so vague or ambiguous that the party cannot reasonable prepare a response." Fed. R. Civ. P. 12(e).

## **ARGUMENT**

### A. The Court Should Dismiss Plaintiffs' Complaint For Failure To Exhaust Administrative Remedies.

Plaintiffs must exhaust administrative procedures before they may proceed in circuit court for judicial review of a decision of a state agency. MO. REV. STAT. § 536.100; *Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 353 (Mo. 1995). Prior to a final agency decision "the controversy remains hypothetical and premature." *Farm Bureau*, 909 S.W.2d at 353.

Under Missouri law, a party may appeal when FSD proposes a cancellation or modification of benefits or services. MO. REV. STAT. § 208.080.1. A request to appeal must be filed within ten (10) days from the date of the mailing of notice of the proposed action to discontinue benefits. Mo. Rev. Stat.

3

§ 208.080.3. After benefits are discontinued, as alleged by Plaintiffs, an "aggrieved applicant shall have ninety days from the date of the notice of the action in which to request an appeal to the director of the division." Mo. Rev. Stat. § 208.080.5. After a claimant has exhausted these administrative remedies, a claimant may appeal to the circuit court within ninety (90) days of the decision appealed. Mo. Rev. Stat. § 208.100.1.

Plaintiffs alleges that FSD "has since denied Appellant's right to appeal." Doc. 8, § II.D. Taking this as true, such allegation serves only to mask the fact that Plaintiffs have not alleged that they pursued their administrative remedies as outlined above. Therefore, the Court should dismiss their claims.

**B. The Court Should Dismiss Plaintiffs' Complaint As To Mr. Fambrough Because Mr. Fambrough Does Not Have Standing In This Matter.**

In order to have standing to bring a case in federal court, a plaintiff must demonstrate that he is entitled to have the court decide the merits of the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs bear the burden of proof to establish that they meet the constitutional minimum of standing: injury in fact, a causal connection between the injury and the conduct complained of, and the likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61.

While a pro se litigant is entitled to a liberal reading of the pleadings, even the most liberal reading of the Complaint cannot make out a claim for

any injury to Mr. Fambrough. The Complaint alleges that the injuries suffered are "Untreated medical conditions due to past unpaid billings. Inability to acquire prescribed life saving medical treatments. Lowering of credit scores and ratings due to past dues." *See* Complaint, § IV. While Plaintiffs are very careful not to state who these injuries were allegedly inflicted upon, reference to "Heather Fambrough's Medical coverage" (*see* Complaint, § III.C) indicates that the person with the medical benefits is Mrs. Fambrough, not Mr. Fambrough.

Because the Complaint does not allege any injury or damage to Mr. Fambrough, he does not have standing and this Court should dismiss his claim. *Dudley v. City of Kansas City*, 2012 WL 527908, \*2 (W.D. Mo. Feb. 16, 2012) (to the extent that a plaintiff seeks to address injuries to another person, plaintiff lacks standing and the claims must be dismissed). *See also Sanders v. U.S. Congress*, 399 F.Supp.2d 1021, 1024 (E.D. Mo. 2005) (where pro se plaintiff does not sufficiently allege injury, it is appropriate to grant defendants' motion to dismiss).

**C. If the Court Does Not Grant FSD's Motion to Dismiss, the Court Should Order Plaintiffs Provide a More Definite Statement of Their Claims.**

Plaintiffs' Complaint is so vague and ambiguous that FSD cannot determine what they claim FSD did to violate their rights. As stated above, Plaintiffs repeatedly refer to an "Appellant" without defining the term. *See*

5

Doc. 8, p. 4.  Plaintiffs also provide a list of alleged injuries without specifying who was allegedly injured.  *See* Doc. 8, p. 5.  FSD cannot be expected to respond to unspecified allegations of constitutional violations against an unidentified person.  In fact, the whole of the Complaint is so devoid of factual allegations that FSD cannot properly prepare a response.  Therefore, if the Court does not grant FSD's Motion to Dismiss, FSD respectfully requests that the Court order Plaintiffs to make a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

WHEREFORE, Defendant Missouri Family Support Division respectfully requests that this Court dismiss Plaintiffs' Complaint as to Defendant Missouri Family Support Division for the above stated reasons or, in the alternative, that the Court order Plaintiffs provide a more definite statement regarding their claims, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**
**Attorney General**

*/s/ Laura M. Robb*
Laura M. Robb, #64117
 Assistant Attorney General
Post Office Box 861
St. Louis, MO, 63188
Tel: (314) 340-7960
Fax: (314) 340-7029

*Attorneys for Defendant Missouri Family Support Division*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification to all counsel of record, and I mailed a copy to Plaintiffs at:

Heather and William Fambrough
6101 N. Belleview Ave.
Kansas City, MO 64118

*/s/ Laura M. Robb*